

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-4-2010

# In Re: Frederick Mullinix

Precedential or Non-Precedential: Non-Precedential

Docket No. 10-1202

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"In Re: Frederick Mullinix " (2010). *2010 Decisions*. Paper 1787.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1787

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**CLD-118**                                                      **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

No. 10-1202

IN RE: FREDERICK MULLINIX,
Petitioner

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(related to E.D. Pa. Crim. No. 05-cr-193-011)

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 12, 2010

Before: BARRY, FISHER and GREENBERG, Circuit Judges

(Opinion filed:  March 4, 2010)

OPINION

PER CURIAM

Frederick Mullinix petitions for a writ of mandamus directing the District Court to
quash the indictment against him.  For the reasons below, we will deny the petition.

On April 17, 2006, Mullinix was convicted of conspiracy to distribute controlled
substances, conspiracy to import controlled substances, conspiracy to introduce
misbranded drugs into interstate commerce, and money laundering.  He was sentenced to
150 months in prison.  Mullinix filed an appeal which is pending before this Court.

In his mandamus petition, Mullinix challenges the authority of the Special Assistant United States Attorney who represented the government in his criminal proceedings. A writ of mandamus should be issued only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). Determining whether an extraordinary circumstance exists requires a two-part inquiry. First, it must be established that there is no alternative remedy or other adequate means of relief. Second, a petitioner must demonstrate a clear and indisputable right to the relief sought. Kerr v. United States District Court, 426 U.S. 394, 403 (1976). A writ is not a substitute for an appeal. In re Kensington Intern. Ltd., 353 F.3d 211, 219 (3d Cir. 2003). Because Mullinix can challenge his criminal judgment on direct appeal, he has other adequate means of relief and is not entitled to a writ of mandamus. Accordingly, we will deny the petition.